# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL A. BURKETT, | CASE NO. 1:10-cv-01461 LJO GSA PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| KEN CLARK, et al., | (ECF No. 1) |
| Defendants. | |

## Screening Order

**I.    Screening Requirement**

Plaintiff is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

///

## II.   Plaintiff's Claims

Plaintiff, formerly incarcerated at the California Substance Abuse Treatment Facility at Corcoran (SATF), brings this civil rights action against correctional officials employed by the California Department of Corrections and Rehabilitation at SATF.  Plaintiff names nineteen individual defendants.

Plaintiff's complaint is 131 pages long, and sets forth allegations of the following conduct by correctional officials at SATF: Plaintiff's property being distributed to other inmates; denial of food trays and portions of Plaintiff's sack lunch; denial of law library access; illegal reading of Plaintiff's mail; excessive force; retaliation; illegal cell move; placement in a management cell; delay in processing a medical injury report; false or misleading medical injury report; difficulties in processing inmate appeals; false disciplinary charges; placement in administrative segregation; complaints to staff about other inmates; deliberate flooding of Plaintiff's cell by correctional staff; "ransacking" of Plaintiff's cell; refusal to review inmate appeals; verbal harassment; denial of due process at a classification hearing; supervisory liability; erroneous classification.

Plaintiff categorizes his allegations in eleven discrete causes of action: criminal conspiracy; racial discrimination; excessive force; Eighth Amendment violations; deliberate indifference to his serious medical needs; retaliation; failure of supervisors to prevent deliberate indifference to his serious medical needs; retaliatory transfer; inhumane conditions of confinement; unreasonable search and seizure; First and Fourteenth Amendment claims regarding his classification status.

Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions, none of which apply to § 1983 actions.  <u>Swierkeiwicz v. Sorema, N.A.</u>, 534 U.S. 506, 512 (2002). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . ." Fed. R. Civ. P. 8(a).  "Such a statement must simply give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." <u>Swierkewicz</u>, 534 U.S. at 512. Detailed factual allegations are not required, but '[t]hreadbare recitals of the elements of the cause of action, supported by mere conclusory statements, do not suffice." <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009), citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). "Plaintiff must set forth sufficient factual matter accepted as true, to 'state a claim that

is plausible on its face." Iqbal, 129 S.Ct. at 1949, quoting Twombly, 550 U.S. at 555. While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

Although accepted as true, "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted). A plaintiff must set forth "the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Id. at 555-56 (internal quotation marks and citations omitted). To adequately state a claim against a defendant, a plaintiff must set forth the legal and factual basis for his claim.

Plaintiff need not, however, set forth legal arguments in support of his claims. In order to hold an individual defendant liable, Plaintiff must name the individual defendant, describe where that defendant is employed and in what capacity, and explain how that defendant acted under color of state law. Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

As noted, the court must screen the complaint prior to service upon defendants. 28 U.S.C. § 1915A(b)(1),(2). At the screening stage, the court is only determining whether Plaintiff states a colorable claim for relief. Should Plaintiff state a claim for relief, the court will direct service of process. A schedule for litigation will be set, including the opportunity to engage in discovery. Plaintiff does not need to prove his case at this stage of the litigation. The court is only determining whether Plaintiff states a colorable claim. Legal argument and evidence are not required at this stage of litigation.[1]

Further, Plaintiff's complaint contains multiple, unrelated claims. "The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or alternate claims, as many claims,

---

[1] While exhibits are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). Plaintiff is advised that under Rule 8 of the Federal Rules of Civil Procedure, Plaintiff is only obligated to provide "a short and plain statement of [his] claim", Plaintiff is not obligated to prove the allegations in his complaint at this stage. Attaching a large number of exhibits to a complaint will result in the complaint being dismissed for failure to comply with Federal Rule of Civil Procedure 8, as it will render the complaint to be neither a "short" nor "plain" statement of Plaintiff's claims.

1  legal equitable, or maritime, as the party has against an opposing party.'  Thus multiple claims
2  against a single party are permissible, but Claim A against Defendant 1 should not be joined with
3  unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in
4  different suits, not only to prevent the sort of complexity (a multiple claim, multiple defendant) suit
5  produces, but also to ensure that prisoners pay the required filing fees.  The Prison Litigation Reform
6  Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without the
7  prepayment of the required fees. 28 U.S.C. § 1915(g).  George v. Smith, 507 F.3d 605, 607 (7th Cir.
8  2007).

9       While it appears that Plaintiff may be able to state at least one cognizable claim, he clearly
10 violates Rule 18(a) by including multiple unrelated claims in this single filing.  Plaintiff will be given
11 an opportunity to file a first amended complaint under this case number, wherein he is directed to
12 plead/allege only related claims.  All unrelated claims should be brought in separate suits.  Plaintiff
13 is advised that if the first  amended complaint fails to comply with Rule 18(a), the Court will count
14 all frivolous/noncognizable unrelated claims that are dismissed as strikes, such that Plaintiff may be
15 barred from filing in forma pauperis in the future.

16      Plaintiff is advised that a short and simple statement of his claim will speed the screening of
17 his case, and will help the litigation proceed in a more efficient manner.  Plaintiff is advised that this
18 court has pending before it many prisoner civil rights cases.  In the Eastern District of California, the
19 federal judiciary is inundated with prisoner civil rights cases.  In the interest of judicial efficiency
20 and in the interest of timely addressing the many constitutional claims before it, the court therefore
21 directs Plaintiff to file an amended complaint that complies with the following conditions:

22     1. The amended complaint must be legibly written or typewritten on forms supplied by the
23 court and signed by the plaintiff.

24     2. The form must be completed in accordance with the instructions provided with the forms.

25     3. The amended complaint must be a short, simple and concise statement of the claim.

26     4.  Additional pages beyond those allowed in the court's form may not exceed 25 pages
27 without leave of court.

28     5. The court approved form and any additional pages submitted must be written or typed on

only one side of a page and the writing or typewriting must be no smaller in size than standard elite type.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to comply with Federal Rules of Civil Procedure 18(a) and 8(a);
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;
4. Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and
5. If Plaintiff fails to file an amended complaint, the Court will recommend that this action be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **September 23, 2011**                    **/s/ Gary S. Austin**
                                                                          UNITED STATES MAGISTRATE JUDGE