1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   MICHAEL A. BURKETT,              )    1:10-cv-01461-LJO-GSA-PC
                                      )
12            Plaintiff,              )    FINDINGS AND RECOMMENDATIONS TO
                                      )    DISMISS CASE FOR FAILURE TO OBEY A
13        vs.                         )    COURT ORDER
                                      )    (Doc. 20.)
14   KEN CLARK, et al.,               )
                                      )    OBJECTIONS, IF ANY, DUE IN THIRTY
15            Defendants.             )    DAYS
     _____)

16

17        On May 30, 2012, the court issued an order giving plaintiff two options, to file an amended

18   complaint or to notify the court of his willingness to proceed with the claims found cognizable by the

19   court, within thirty (30) days.  (Doc. 20.)  Plaintiff requested and was granted two extensions of time to

20   comply with the court's order.  (Docs. 22, 25.)  The latest deadline has now expired, and plaintiff has not

21   filed an amended complaint or notice to the court, or otherwise responded to the court's order.

22        In determining whether to dismiss this action for failure to comply with the directives set forth

23   in its order, "the Court must weigh the following factors:  (1) the public's interest in expeditious

24   resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to

25   defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring

26   disposition of cases on their merits."  Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing

27   Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

28                                          1

1   "'The public's interest in expeditious resolution of litigation always favors dismissal,'" id.
2   (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has
3   been pending for more than two years.  Plaintiff's failure to respond to the Court's order may reflect
4   Plaintiff's disinterest in prosecuting this case.  In such an instance, the Court cannot continue to expend
5   its scarce resources assisting a litigant who will not help himself by either submitting an amended
6   pleading making the clarifications required by the Court or by notifying the court of his willingness to
7   proceed on the claims found cognizable by the Court.  Thus, both the first and second factors weigh in
8   favor of dismissal.

9   Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of
10  itself to warrant dismissal." Id. (citing Yourish at 991).  However, "delay inherently increases the risk
11  that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to set
12  forth clear claims in the first instance and to respond to the Court's order in the second instance that is
13  causing delay.  Therefore, the third factor weighs in favor of dismissal.

14  As for the availability of lesser sanctions, at this stage in the proceedings there is little available
15  to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further
16  unnecessary expenditure of its scarce resources.  Plaintiff is proceeding in forma pauperis in this action,
17  making monetary sanctions of little use, and given the early stage of these proceedings, the preclusion
18  of evidence or witnesses is not available.  However, inasmuch as the dismissal being considered in this
19  case is without prejudice, the Court is stopping short of issuing the harshest possible sanction of
20  dismissal with prejudice.

21  Finally, because public policy favors disposition on the merits, this factor will always weigh
22  against dismissal.  Id. at 643.

23  Accordingly, the court HEREBY RECOMMENDS that this action be dismissed based on
24  plaintiff's failure to obey the court's order of May 30, 2012.

25  These findings and recommendations are submitted to the United States District Judge assigned
26  to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty days after being
27  served with these findings and recommendations, plaintiff may file written objections with the court.

28

2

Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

**Dated:**   **December 6, 2012**                    _____/s/ **Gary S. Austin**_____
                                                                    UNITED STATES MAGISTRATE JUDGE